UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHANNON BRUCE MORLEY,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CORRECTION OFFICER JEFF MARSHAL,<br>　　　　　　Defendant. | NO: CV-13-039-RMP<br><br>ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |

　　　　Plaintiff, a prisoner at the Okanogan County Jail, brings this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  By separate Order, the Court has granted Plaintiff leave to proceed *in forma pauperis*.  The Court found an exception to the application of 28 U.S.C. § 1915(g), which should have precluded Plaintiff from proceeding without pre-payment of the filing fee.

　　　　Nevertheless, Mr. Morley concedes, and it is clear from the face of his complaint, that he failed to exhaust administrative remedies at the Okanogan County Jail.  *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738-40 (2001) (requiring exhaustion regardless of whether the relief sought is available through the administrative grievance process).  In his Response to the Order to

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILURE
TO EXHAUST ADMINISTRATIVE REMEDIES --1

Show Cause, Plaintiff argues that he was told "they" would not respond to a grievance. ECF No. 7. Regardless, exhaustion is still required for all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 523 (2002). Plaintiff's assertion that he subsequently received a response to his grievance, stating it "was not supported by documentation," is insufficient to demonstrate that he properly exhausted available, administrative remedies prior to submitting his complaint.

An affirmative defense, such as exhaustion, may be grounds for dismissal for failure to state a claim when it is clear from the face of the complaint that exhaustion has not been accomplished. *See Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 921 (2007), citing with approval, *Leveto v. Lapina*, 258 F.3d 156, 161 (3rd Cir. 2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense ... appears on its face" (internal quotation marks omitted)). *See also Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003) (indicating that *sua sponte* dismissal may be appropriate where the record is clear that prisoner conceded nonexhaustion). The Court finds it is evident from the documents presented that Mr. Morley did not properly exhaust available administrative remedies regarding an incident on January 16, 2013, prior to signing and submitting his initial complaint on January 18, 2013.

Therefore, **IT IS ORDERED** the complaint is **DISMISSED** for failure to properly exhaust administrative remedies. Consequently, the complaint fails to

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES --2

state a claim upon which relief may be granted at this time. **IT IS FURTHEROREDERED** that all pending motions are **DENIED as moot.**

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). **<u>Plaintiff is advised to read the new statutory provisions under 28 U.S.C. § 1915. This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims.</u>**

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, enter judgment, forward copies to Plaintiff at his last known address, and close the file. The District Court Executive is further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Criminal Justice Division. The Court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** this 27th day of February 2013.

                                      *s/ Rosanna Malouf Peterson*
                                ROSANNA MALOUF PETERSON
                              Chief United States District Court Judge

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES --3